UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
**2022 MSPB 29**

Docket No. AT-3330-19-0438-I-1

**Eric Williams,**

**Appellant,**

**v.**

**Department of Defense,**

**Agency.**

August 31, 2022

Eric Williams, North Charleston, South Carolina, pro se.

James J. Delduco, Esquire, and Paul Y. Kim, Esquire, Redstone Arsenal, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which denied corrective action in his Veterans Employment Opportunities Act of 1998 (VEOA) appeal. For the reasons set forth below, we AFFIRM the initial decision AS MODIFIED to address the appellant's claim of an alleged violation of 5 U.S.C. § 3308.

BACKGROUND

¶2 On November 14, 2018, the agency announced seven competitive service vacancies for GS-9 Logistics Management Specialists in its Missile Defense

Agency. Initial Appeal File (IAF), Tab 1 at 14-21. The vacancies were open to the public, and the announcement provided that "this position is being filled under the Acquisition Expedited Hiring Authority . . . using [the Office of Personnel Management's] Direct Hire Authority." *Id.* at 14.

¶3      The appellant, a preference-eligible veteran with a 30% service-connected disability, applied for the position. IAF, Tab 15 at 25-33. The agency found the appellant qualified for the position, but after scoring his application, it found him not among the best qualified applicants, so he was not selected for an interview. IAF, Tab 15 at 25, Tab 16 at 35-37. The appellant filed a veterans' preference complaint with the Department of Labor, which closed the file without taking corrective action. IAF, Tab 1 at 12-13

¶4      The appellant filed a Board appeal and requested a hearing. *Id.* at 1-9. He argued that the agency failed in several respects to afford him veterans' preference during the selection process at issue. *Id.* The administrative judge found that the Board has jurisdiction over the appeal. IAF, Tab 10 at 2. After a hearing, the administrative judge issued an initial decision finding that the appellant failed to prove that the agency violated any law related to veterans' preference because veterans' preference does not apply to appointments made pursuant to a direct hire authority. IAF, Tab 21, Initial Decision (ID).

¶5      The appellant has filed a petition for review, disputing the administrative judge's finding that veterans' preference did not apply to the selection process. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

## ANALYSIS

¶6      The issue in this appeal is whether the agency's recruitment and selection process for Logistics Management Specialists violated any law related to veterans' preference. Specifically, the appellant appears to argue that the agency

violated 5 U.S.C. §§ 3308, 3309, 3311, 3318, and 3313 or 3317.  ID at 5; IAF, Tab 1 at 3-4; PFR File, Tab 1 at 10-12.

¶7        Section 3308 of title 5 of the United States Code is a law relating to veterans' preference that, with certain exceptions, prohibits the prescription of minimum educational requirements for competitive service positions.  *See Dean v. Department of Labor*, 808 F.3d 497, 503-05 (Fed. Cir. 2015).  Although the appellant in this case appears to have alleged a violation of this section for the first time on review, we nevertheless exercise our discretion to address it.  *Cf. Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).  The appellant argues that the agency violated this provision by assessing the applicants' educational history in its selection process.  PFR File, Tab 3 at 11-12.  The record is clear that the agency considered education in evaluating the applications.  IAF, Tab 15 at 25, Tab 16 at 29-34.  However, we find that considering education as one factor among many in assessing qualified applicants is not the same as prescribing a "minimum educational requirement."  In fact, the vacancy announcement itself explained that applicants may qualify through either education or experience.  IAF, Tab 1 at 16.  We therefore find that the agency did not prescribe a minimum education requirement for the Logistics Management Specialist position, and we modify the initial decision to find that the agency did not violate the requirements of 5 U.S.C. § 3308 by considering education as a factor in rating and ranking the applicants.

¶8        Regarding the remainder of the claimed veterans' preference violations, it appears to be undisputed that the agency did not generally adhere to the requirements of 5 U.S.C. §§ 3309-3318 in the selection process at issue.  Whether the agency failed to follow any of these particular requirements or whether such requirements were invoked by the facts of the case is secondary to the primary

issue of whether the agency was exempted from following those requirements at all. The administrative judge found that the hiring process at issue was exempted because the Logistics Management Specialists were appointed pursuant to the Direct Hire Authority provisions of 5 U.S.C. § 3304(a)(3) via the agency's Expedited Hiring Authority of 10 U.S.C. § 1705(f). Section 3304(a)(3) provides as follows:

> (a) The President may prescribe rules which shall provide, as nearly as conditions of good administration warrant, for–
>
> . . . .
>
> (3) authority for agencies to appoint, without regard to the provisions of sections 3309 through 3318, candidates directly to positions for which–
>
> (A) public notice has been given; and
>
> (B) the Office of Personnel Management has determined that there exists a severe shortage of candidates . . . or that there is a critical hiring need.

5 U.S.C. § 3304(a)(3). The agency in this case has special statutory authorization to determine for itself any category of positions within its acquisition workforce for which there exists a severe shortage of candidates or for which there is a critical hiring need and to use the Direct Hire Authority of 5 U.S.C. § 3304(a)(3) to fill such positions.[1] 10 U.S.C. § 1705(f). This is known as the agency's "Expedited Hiring Authority." *Id.*

¶9    In this case, the administrative judge found that the agency properly invoked its Expedited Hiring Authority to fill the Logistics Management Specialist positions by direct hire and that the requirements of 5 U.S.C. §§ 3309-3318 therefore did not apply. ID at 6-7. The appellant does not dispute that the agency's Expedited Hiring Authority was properly invoked, but he argues that 5 U.S.C. §§ 3309-3318 nevertheless apply. PFR File, Tab 1 at 3-14. First,

---

[1] It would appear that the Logistics Management Specialist is an acquisition position. *See* 10 U.S.C. §§ 1705(g)(1), 1721(b)(5).

he argues that the agency's Expedited Hiring Authority is distinct from its Direct Hire Authority and that the agency used the former to fill the positions and not the latter. PFR File, Tab 1 at 5, 9-11. However, it would be misleading to think of the Expedited Hiring Authority and the Direct Hire Authority as two distinct and mutually exclusive hiring authorities. Rather, as explained above, the Expedited Hiring Authority provisions of 10 U.S.C. § 1705(f) merely authorize the agency to invoke, under certain circumstances, the Direct Hire Authority provisions of 5 U.S.C. § 3304(a)(3) without first seeking permission from the Office of Personnel Management. This is precisely what the agency did in this case, as reflected in the vacancy announcement. IAF, Tab 1 at 14.

¶10    Second, the appellant cites to agency guidance concerning expedited hiring in the acquisition workforce, agency guidance concerning the expedited hiring of healthcare professionals, and Department of the Navy guidance concerning expedited hiring in select acquisition positions. PFR File, Tab 1 at 18-32; IAF, Tab 15 at 17-23. He argues that these documents show that the agency intended for veterans' preference to apply under its Expedited Hiring Authority. *Id.* at 3-14. Regarding the agency's acquisition workforce guidance, the appellant argues that it states "[q]ualified candidates with veterans' preference should be considered for appointments when they are found to best meet mission requirements," thereby indicating that the Secretary of Defense intended for veterans' preference to apply in expedited hiring. PFR File, Tab 1 at 3-10, 14; IAF, Tab 15 at 18. We disagree. Requiring that qualified preference eligibles be considered for appointment is not the same as requiring veterans' preference, much less that the agency follow the specific statutory provisions of 5 U.S.C. §§ 3309-3318. Rather, we find that the requirement to consider preference-eligible applicants is analogous to the right to compete in 5 U.S.C. § 3304(f)(1), which mandates that covered veterans be allowed to compete on equal footing with other candidates in the merit promotion process. *See Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶ 13 (2008) (finding that the

right to compete does not entail point preferences when it comes to ranking applicants).  Regarding the guidance that the appellant has submitted on review, we find that it does not apply to his situation because a Logistics Management Specialist is not a healthcare position, and the appellant was not applying for a position within the Department of the Navy.[2]  PFR File, Tab 1 at 18-32.

¶11       Third, the appellant disputes the accuracy of testimony provided by an agency Human Resources Specialist, who testified that no delegated examining authority was used to fill the positions at issue.  PFR File, Tab 1 at 6-8; IAF, Tab 16 at 39.  We find, however, that this testimony was accurate.  As explained above, the agency filled these positions under its 10 U.S.C. § 1705(f) statutory authority, which was conferred directly to the agency by Congress and not delegated to it by the Office of Personnel Management.

¶12       Fourth and finally, the appellant disputes the administrative judge's ruling to disallow testimony about whether the agency followed the requirements of 5 U.S.C. §§ 3309-3318.  PFR File, Tab 1 at 8-9.  The appellant's objection is based, however, on the premise that these sections applied to the selection process at issue, which as explained above, they did not.  *Id.* at 9.  We find that the administrative judge did not abuse his discretion in declining to hear such testimony because it would have been immaterial to the outcome of the appeal.  *See Grubb v. Department of the Interior*, 96 M.S.P.R. 361, ¶ 27 (2004); 5 C.F.R. § 1201.41(b)(8), (10).

---

[2] In addition, the hiring authority discussed in the Department of the Navy guidance expired on September 30, 2017, which was more than a year before the agency announced the vacancies at issue in this appeal.  PFR File, Tab 1 at 27; IAF, Tab 1 at 14.

ORDER

¶13    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:


/s/
_____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.